172 So.2d 295

Richard J. COQUILLE and Mrs. Mamie Perrien Coquille, his wife,

v.

EXPRESSWAY BOWLING, INC., and Fireman's Fund Insurance Company.

No. 47666.

March 15, 1965.

In re: Richard J. Coquille and Mrs. Mamie Perrien Coquille, his wife, applying for writs of certiorari, prohibition and mandamus.

Writs refused. The showing made in the application is insufficient to warrant the exercise of our supervisory jurisdiction.

HAWTHORNE, J., dissents from the refusal to grant writs and assigns reasons.

SUMMERS, J., dissents from the refusal to grant writs for the reasons assigned by HAWTHORNE, J.

HAWTHORNE, Justice (dissenting).

By Article 1731 of the Code of Civil Procedure the right of trial by jury is recog-

nized, with certain exceptions set forth in Article 1733. Under Article 1732 of that Code a party may demand a trial by jury of any issue triable of right by a jury.

In the instant case plaintiffs seek to recover in a tort action damages in excess of $50,000.00, an issue triable of right by a jury upon timely demand. Petitioners requested a trial by jury in their petition, and this request was timely under the statute. A little over two weeks after the petition was filed in which plaintiffs requested trial by jury, defendants filed an answer and a motion to have the case fixed for trial. Pursuant to this motion the judge entered an ex parte order fixing the case for trial on May 3, 1965. Under this fixing of the case for trial the trial was to be had *before the judge,* and this order had the effect of denying plaintiffs a trial by jury. Notice of this fixing was served on the plaintiffs in November, 1964, but this notice did not disclose that the case had been ordered tried without a jury.

In January, 1965, over three months before the trial date as fixed in the ex parte order signed by the judge, plaintiffs pursuant to R.S. 13:3050 deposited with the clerk $12.00 as jury costs, and sought an order of the judge fixing a bond in a sufficient amount to cover additional costs of the jury, as required by R.S. 13:3050, and for trial by jury. The judge refused to fix the amount of the bond or to sign the order

fixing the case for trial before a jury. Plaintiffs are before this court seeking relief under our supervisory jurisdiction.

Plaintiffs have complied with every statutory requirement for the right given them under the law for a trial by jury, and this statutory right cannot be denied them unless the provisions of Article 1732 of the Code of Civil Procedure and R.S. 13:3050 are completely ignored and disregarded as if not written. I do not think this court, or any court, has the right to disregard the plain provisions of the law.

The trial court stated that the fixing of the case for trial by jury on May 3, 1965, will "disrupt its entire docket". Be this as it may, as I view the matter the plaintiffs are under the law entitled to a trial by jury, and if due to the conditions of the court's docket a jury trial cannot be held on May 3, 1965, the judge should set aside his order fixing the case for trial on that date and should fix the amount of the bond to be given by plaintiffs to cover additional costs of the jury, and when the bond is filed, the case should then be fixed for trial before a jury.

Under the facts of this case which I have outlined and under the law which has been cited, the trial judge was clearly without authority to deny the plaintiffs the right to trial by jury, and his action in so doing, in my opinion, was arbitrary and unfounded.